IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA

TOBEY C. HADLEY, SR.,            )
                                 )
            Plaintiff,           )
                                 )
v.                               )   Case No. CIV-05-444-KEW
                                 )
JO ANNE B. BARNHART,             )
Commissioner of Social           )
Security Administration,         )
                                 )
            Defendant.           )

**OPINION AND ORDER**

Plaintiff Tobey C. Hadley, Sr. (the "Claimant") requests judicial review of the decision of the Commissioner of the Social Security Administration (the "Commissioner") denying Claimant's application for disability benefits under the Social Security Act. Claimant appeals the decision of the Administrative Law Judge ("ALJ") and asserts that the Commissioner erred because the ALJ incorrectly determined that Claimant was not disabled. For the reasons discussed below, it is the finding of this Court that the Commissioner's decision should be and is REVERSED and REMANDED.

**Social Security Law and Standard of Review**

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment. . ." 42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social Security Act "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do

his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy. . ." 42 U.S.C. §423(d)(2)(A). Social Security regulations implement a five-step sequential process to evaluate a disability claim. *See*, 20 C.F.R. §§ 404.1520, 416.920.[1]

Judicial review of the Commissioner's determination is limited in scope by 42 U.S.C. § 405(g). This Court's review is limited to two inquiries: first, whether the decision was supported by substantial evidence; and, second, whether the correct legal standards were applied. <u>Hawkins v. Chater</u>, 113 F.3d 1162, 1164 (10th Cir. 1997)(citation omitted). The term "substantial evidence" has been interpreted by the United States Supreme Court

---

[1] Step one requires the claimant to establish that he is not engaged in substantial gainful activity, as defined by 20 C.F.R. §§ 404.1510, 416.910. Step two requires that the claimant establish that he has a medically severe impairment or combination of impairments that significantly limit his ability to do basic work activities. 20 C.F.R. §§ 404.1521, 416.921. If the claimant is engaged in substantial gainful activity (step one) or if the claimant's impairment is not medically severe (step two), disability benefits are denied. At step three, the claimant's impairment is compared with certain impairments listed in 20 C.F.R. Pt. 404, Subpt. P, App. 1. A claimant suffering from a listed impairment or impairments "medically equivalent" to a listed impairment is determined to be disabled without further inquiry. If not, the evaluation proceeds to step four, where claimant must establish that he does not retain the residual functional capacity ("RFC") to perform his past relevant work. If the claimant's step four burden is met, the burden shifts to the Commissioner to establish at step five that work exists in significant numbers in the national economy which the claimant – taking into account his age, education, work experience, and RFC – can perform. Disability benefits are denied if the Commissioner shows that the impairment which precluded the performance of past relevant work does not preclude alternative work. *See generally,* <u>Williams v. Bowen</u>, 844 F.2d 748, 750-51 (10th Cir. 1988).

to require "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)). The court may not re-weigh the evidence nor substitute its discretion for that of the agency. Casias v. Secretary of Health & Human Servs., 933 F.2d 799, 800 (10th Cir. 1991). Nevertheless, the court must review the record as a whole, and the "substantiality of the evidence must take into account whatever in the record fairly detracts from its weight." Universal Camera Corp. v. NLRB, 340 U.S. 474, 488 (1951); *see also*, Casias, 933 F.2d at 800-01.

### Claimant's Background

Claimant was born on February 13, 1966 and was 39 years old at the time of the hearing before the ALJ. He completed his high school education and one semester of college. Claimant has worked in the past as a service technician, maintenance worker, laborer, delivery person, bus driver, and inventory/data entry worker. Claimant alleges an inability to work beginning October 27, 2003, due to fibromyalgia, irritable bowel syndrome, post traumatic stress disorder.

**Procedural History**

On November 5, 2003, Claimant protectively filed for disability benefits under Title II of the Social Security Act (42 U.S.C. § 401, *et seq.*). Claimant's application for benefits was denied initially and upon reconsideration. A hearing before ALJ, Richard Say was held on March 22, 2005 in Muskogee, Oklahoma. By decision dated April 29, 2005, the ALJ found that Claimant was not disabled at any time through the date of the decision. On September 14, 2005, the Appeals Council denied review of the ALJ's findings. Thus, the decision of the ALJ represents the Commissioner's final decision for purposes of further appeal. 20 C.F.R. §§ 404.981, 416.1481.

**Decision of the Administrative Law Judge**

The ALJ made his decision at step four of the sequential evaluation. He determined that while Claimant's medical conditions were severe, they did not meet a Listing and he retained the residual functional capacity ("RFC") to perform his past relevant work.

**Review**

Claimant asserts the ALJ committed error requiring reversal in failing to (1) discuss or consider Claimant's Veteran's Administration disability rating; (2) perform a proper step four analysis; and (3) provide valid hypothetical questions to the vocational expert related to Claimant's impairments, rendering the

4

ALJ's step five analysis defective.

**Discussion of VA Disability Rating**

Claimant asserts the ALJ failed to consider his disability rating from the Veterans Administration ("VA") in reaching his decision. Two notations are contained in the records before the ALJ reflecting Claimant received a disability rating from the VA. The first indicates a rating of 70% due to PTSD arising from Desert Storm in January of 2003. (Tr. 141). The second reflects a 100% disability rating by February of 2004. (Tr. 136). Clearly, the ALJ failed to specifically address these disability ratings in his decision. Defendant, however, asserts the records wherein the disability ratings are set forth were referenced in the ALJ's opinion and that these records did not support the disability rating provided by the VA.

"Although findings by other agencies are not binding on the Secretary, they are entitled to weight and must be considered." Baca v. Dept. of Health & Human Serv., 5 F.3d 476, 480 (10th Cir. 1993) quoting Fowler v. Califano, 596 F.2d 600, 603 (3rd Cir. 1979). An ALJ is required to discuss the "significance of the VA's disability evaluation" in his decision. Grogan v. Barnhart, 399 F.3d 1257, 1263 (10th Cir. 2005). In this case, the ALJ discussed some of the statements in the reports referencing Claimant's disability rating from the VA but did not evaluate the basis for the disability rating itself or even recognize that the VA had

5

found Claimant 100% service disabled.  As a result, the ALJ will be required to engage in this level of specific analysis on remand.

## Step Four Analysis

Claimant also challenges the ALJ's finding at step four analysis wherein the ALJ determined Claimant could engage in his past relevant work in inventory date entry.  An ALJ is required to engage in a three phase evaluation at step four – (1) an assessment of the claimant's residual functional capacity; (2) determine the physical and mental demands of the claimant's past relevant work; and (3) determine the claimant's ability to meet the physical and mental demands of the past relevant work.  <u>Winfrey v. Chater</u>, 92 F.3d 1017, 1023-26 (10th Cir. 1996).

The ALJ in this case failed to perform a proper analysis at the second and third phases.  The ALJ inquired of the vocational expert ("VE"), who the ALJ states is familiar with Claimant's restrictions and the restrictions of his past relevant work, whether Claimant could perform his past relevant work.  The VE responded in the affirmative.  (Tr. 22).  The VE testified Claimant's past relevant work was semiskilled and classified as sedentary and medium in exertion.  Based exclusively upon this testimony, the ALJ determined Claimant could perform his past relevant work as an inventory data entry person.

The ALJ did not inquire of the VE as to the specific requirements of the data entry position or include the restriction

in Claimant's RFC that the work not include a requirement for understanding, carrying out and remembering detailed instructions in his hypothetical to the VE. (Tr. 392-96). Moreover, the ALJ also failed to fulfill his responsibility that he independently evaluate Claimant's ability to meet the demands of his past relevant work. Instead, the ALJ appears to have relied exclusively upon the opinions of the VE in this regard. An ALJ cannot abdicate his fact finding and evaluation responsibilities to the VE. The review process is only meaningful if the ALJ makes specific findings in step four and will not occur if the "step four assessment takes place in the VE's head." Id. at 1025-26. The ALJ shall make his independent findings at step four and engage in the appropriate analysis upon remand.

**Hypothetical Questions to the VE**

Claimant, in his final contention of error, asserts the ALJ failed to pose appropriate hypothetical questions to the VE at step five. Defendant is correct in contending the ALJ did not need to engage in the step five analysis since he found Claimant was not disabled at step four. However, the fact remains he did make findings at step five in an alternative fashion, should he be incorrect at step four. Since this Court has determined the ALJ's analysis at step four was deficient, the ALJ's determination at step five will be examined.

The ALJ included "a moderate limitation of [Claimant's]

7

ability to understand, remember, and carry out detailed instructions, and marked limitation of his ability to interact appropriately with the general public." (Tr. 393-394). By his own admission, the ALJ states Claimant's impairments "limit him to light level work activity that does not require understanding, carrying out and remembering detailed instructions or responding appropriately to supervision, co-workers, and usual work situations." (Tr. 22). "Testimony elicited by hypothetical questions that do not relate with precision all of a claimant's impairments cannot constitute substantial evidence to support the Secretary's decision." Hargis v. Sullivan, 945 F.2d 1482, 1492 (10th Cir. 1991) quoting Ekeland v. Bowen, 899 F.2d 719, 724 (8th Cir. 1990). The ALJ's hypothetical questions posed in this case do not mirror Claimant's restrictions with sufficient precision so that the testimony obtained may be relied upon as substantial evidence for the ALJ's step five finding.

## Conclusion

The decision of the Commissioner is not supported by substantial evidence and the correct legal standards were not applied. Therefore, this Court finds the ruling of the Commissioner of Social Security Administration should be and is **REVERSED and the matter REMANDED** for further proceedings consistent with this Order.

DATED this 6th day of October, 2006.

_____
KIMBERLY E. WEST
UNITED STATES MAGISTRATE JUDGE